Robert A. Green, Esq. Informal Opinion Village Attorney No. 96-20 Village of Bellport P.O. Box 3 Bellport, New York 11713-2522
Dear Mr. Green:
You have asked whether the mayor of your village may serve simultaneously as the chairperson of the town zoning board of appeals of the town in which the village is located.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
In our view, these positions are not incompatible. In that the offices are in two separate governmental units, one is not subordinate to the other and the potential for a conflict of duties is limited. Towns are authorized to enact zoning regulations including the establishment of a zoning board of appeals, but these regulations apply only in the part of the town that is outside any incorporated village or city. Town Law § 261. Villages are authorized to enact their own zoning regulations. Village Law, Art 7.
Zoning boards of appeals are authorized to grant use variances and area variances and review determinations made by enforcement officials. Town Law § 267-b. It is conceivable that an action taken by the town zoning board of appeals will affect village interests. For example, a request for a variance near village boundaries may be opposed by village residents. Where this is the case, the mayor should recuse himself or herself from acting as a member of the town zoning board of appeals. As mayor, he or she will have divided loyalties which may affect the making of an impartial decision, considering only applicable legal standards. The mayor, as the elected executive and a member of the village board of trustees, has a strong interest in representing village residents. In any event, even the appearance of a conflict should be avoided in order to maintain public confidence in government. Recusal is an adequate remedy in these circumstances.
We conclude that the mayor of a village may serve also as the chairperson of a town zoning board of appeals, but must recuse himself or herself from acting on the zoning board of appeals with respect to matters that affect the interests of the village or village residents.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
In Charge of Opinions